**GREYS RIVER LUMBER CO., Inc., a foreign corporation, Appellant (Defendant below),**

v.

**STAR VALLEY LUMBER CO., a Wyoming corporation, Appellee (Plaintiff below).**

No. 3565.

Supreme Court of Wyoming.

Oct. 17, 1967.

———◆———

E. N. Moody, Jackson, A. A. Merrill, Idaho Falls, Idaho, for appellant (defendant below).

William H. Jackson, Jr., of Nelson & Jackson, Rock Springs, for appellee (plaintiff below).

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

HARNSBERGER, Chief Justice.

Defendant, having knowledge that plaintiff possessed a contract from the Forest Service of the United States covering the sale of timber from some 4000 acres, subcontracted with plaintiff to purchase a portion of such timber from the plaintiff, the same to be logged "from blocks * * * which are mutually agreed upon; provided, however, that said quantity shall be limited * * * to actual footage cut by Greys River [defendant] in any given block during the 1963 logging season, not to exceed a total of 3,000,000 feet."

There was also provision to extend the contract into 1964 for the purpose of enabling the defendant to complete its logging operation in any block which had been started in the 1963 season.

The contract contained a formula under which the amount to be paid by defendant to the plaintiff for the logs under the contract was to be determined.

The contract also provided a formula to determine amounts to be paid by defendant to plaintiff for road construction deemed necessary, the cost of completing bridge construction, and road maintenance. The final adjustment and payment to be made by defendant to plaintiff for these items were to be made upon the Forest Service scale at defendant's mill near Alpine, Wyoming.

After the logging operations of defendant were completed, the defendant and plaintiff failed to agree as to the amounts due and owing from defendant to plaintiff. Whereupon, the action from which this appeal is taken was commenced by plaintiff to recover the sum of $11,686.35 under its first cause of action as being the amount due under the terms of the contract and also to recover a further sum claimed under plaintiff's second claim for relief in an amount not to exceed $4,000 to be subsequently determined and included at the time a final hearing was had upon the action.

The defendant admitted certain of the items contained in plaintiff's claim, denied others, and in two cross-claims sought recovery from plaintiff of the sum of $8,139.-

40 as damages for plaintiff's repudiation of an alleged verbal agreement of August 15, 1963; the sum of $3,344 on account of defendant's building of roads in 1964, in and to timber owned by plaintiff; and a third cause to recover the further sum of $490 as and for money had and received as overpayment to plaintiff from the defendant, thus asking in the three causes of cross-complaint a total recovery in the sum of $11,973.40 from plaintiff.

On trial to the court, findings of fact were made that the defendant became indebted to plaintiff for specific items totalling the sum of $18,371.71; that the plaintiff had admitted defendant had paid the sum of $9,726.21 upon that indebtedness which should be allowed as a credit thereon; that the defendant had admitted owing the sum of $4,230.81 to be due and owing to plaintiff, which sum was liquidated and therefore plaintiff was entitled to receive interest at the rate of 7% per annum from September 1, 1964, to the date of the judgment; that the defendant had failed to prove by a preponderance of the evidence that it had any claim for relief against plaintiff or right of further credit or setoff by virtue of any of its cross-claims, and that such cross-claims should be denied; and further that plaintiff should have judgment against defendant for the sum of $8,645.50, after crediting defendant with the sum of $9,726.21, and that, in addition, plaintiff should have interest on the sum of $4,230.81 at the rate of 7% per annum from September 1, 1964, to the date of the judgment, together with court costs. In consequence, the court entered its judgment in favor of plaintiff and against defendant in the sum of $8,645.50, together with interest on the sum of $4,230.81, at the rate of 7% per annum from September 1, 1964, to the date of the judgment in an amount of $506.16, and court costs taxed at $205.55.

From this judgment the defendant appealed contending that the judgment of the court is contrary to and not supported by evidence, and that the judgment is contrary to law.

Upon the trial there was introduced by stipulation plaintiff's Exhibit G which set forth and itemized eight separate items, as follows: (1) The sum of $4,868.32 as being the total value of stumpage from plaintiff's Exhibit F (Exhibit F being based upon the final audit of the United States Forest Service and which was not contradicted by defendant); (2) the sum of $10,070.96 for road construction performed by plaintiff and billed to defendant at contract price of $4.00 per thousand on the total of all stumpage ($4 times 2517.74M); (3) $1,132.98, required slash disposal paid by plaintiff to the United States Forest Service for that part of work performed by the Forest Service on blocks purchased by defendant, billed at 45 cents per thousand on total stumpage of 2517.74M; (4) $327.31, erosion control paid by plaintiff on defendant's share of total stumpage of 2517.74M; (5) $490, amount due to be reimbursed to plaintiff for part of the stumpage deposit it made to the Forest Service when it got the sale, being 17½% of $2,800 according to the agreement between the parties (Exhibit A); (6) $521.47, amount due to be reimbursed to plaintiff for part of the bridge construction deposit it made to the Forest Service at the time it got the sale, being 17½% of $2,979 according to Exhibit A; (7) $955.33, defendant's share of snow removal work performed by plaintiff in the spring of 1964; and (8) $1,000, defendant's share of road maintenance work performed by plaintiff on roads used by defendant. These items were totalled to be $19,366.91.

The exhibit then showed credits due the defendant as follows: (1) The sum of $2,000 as the initial deposit, and (2) the sum of $7,726.21 paid by defendant on account, making the total payments and credits $9,726.21.

In its findings of fact, the court accepted in toto the above recounted amounts with the exception of the first item of $4,868.32, which was reduced to the sum of $4,378.32 by reason of the court's having disallowed the fifth item of $490 which had been admitted by the plaintiff to be incorrect.

Under the terms of the contract of August 12, 1963, each of the items contained on this Exhibit G was clearly provided for to be paid by the defendant to plaintiff, and the evidence given in behalf of the successful party was equally clear and positive that the services and amounts thereon appearing had been properly computed, strictly in accordance with the terms of the contract, with the exception of $490, which has been previously mentioned.

■ In consequence, the defendant's claim that the judgment of the court was contrary to law and contrary to and not supported by the evidence is entirely without merit.

With respect to the cross-claims of defendant, the first of these claims was based entirely upon a purported verbal agreement between the representatives of the parties made on August 15, 1963, to the effect that the defendant might cut timber from two blocks, 9 and 10, as well as from those numbered 1, 3, and 4.

Although there was evidence that the defendant and plaintiff had agreed that the defendant might conduct its logging operations on blocks 1, 3, and 4, there was no evidence whatsoever other than the testimony of defendant's witnesses that plaintiff had ever agreed that defendant might conduct logging operations upon blocks 9 and 10. On the contrary, the evidence was clear and positive by plaintiff's witnesses that no such agreement to permit defendant to conduct logging operations on blocks 9 and 10 had ever been made.

■ As in most appeals of this kind, where there was a direct conflict in the material evidence, this court must follow its rule that only that evidence favorable to the successful party, together with all reasonable inferences to be drawn therefrom, shall be considered.

The whole of defendant's first cause of action under its cross-claim was predicated upon its right to conduct logging operations on blocks 9 and 10, and as this was disputed by plaintiff's evidence we must, of course, accept the court's determination as to this matter.

With respect to defendant's cross-claim that plaintiff owed defendant the sum of $3,344 on account of defendant's road building in 1964, the evidence in favor of the successful party was also clear and positive that defendant had not built the roads as claimed, so of course the same rule must be followed.

As to the third cross-claim of defendant, which was based upon an overpayment of $490 in settling the 1963 accounts between the parties, the court took that into consideration in making its findings and in awarding its judgment in favor of the plaintiff against the defendant. In consequence, the judgment of the court was correct with respect to this item.

We must therefore conclude that the judgment of the district court must be affirmed.

Affirmed.

PARKER, J., concurs in the result.